[Civ. No. 10805. First Appellate District, Division Two.—July 13, 1938.]

GEORGE APPELL, as Administrator, etc., Appellant, v. HAL A. WEBSTER et al., Respondents.

George Appell, *in pro. per.*, and Geary & Geary for Appellant.

Decoto & Hardin for Respondents.

SPENCE, J.—Plaintiff brought this action as administrator of the estate of Sherman Appell, deceased, for the alleged conversion of certain shares of stock in the Hal Webster Co., a corporation. At the close of plaintiff's case, defendants moved for a nonsuit, which motion was granted. A judgment of nonsuit was thereupon entered and plaintiff appeals therefrom.

Plaintiff alleged in substance that Sherman Appell, deceased, was the owner of 999½ shares of said stock at the time of his death and that plaintiff thereafter became the owner thereof as administrator of the estate of said deceased; that on April 7, 1937, defendants unlawfully converted said stock to their own use to plaintiff's damage in the sum of $7,500. Defendants denied all the material allegations of the amended complaint, and as a separate and further defense alleged that during his lifetime, said Sherman Appell had executed two promissory notes in favor of defendant Hazel P. Webster and had pledged said shares of stock to said defendant as security for the payment of said promissory notes; that thereafter default was made in the payment of said notes and that after demand and nonpayment thereof, defendant Hazel P. Webster sold said shares of stock at public auction to the highest bidder, pursuant to notice of sale of pledged property given in the manner required by law, for the sum due as principal and interest on said promissory notes and no more.

The proceedings on the trial were very brief. The only witness called by plaintiff was defendant Hal Webster, who was called under section 2055 of the Code of Civil Procedure. The stock certificate issued to Sherman Appell was admitted in evidence as plaintiff's exhibit number 2. On said stock certificate appeared the following assignment signed by the deceased:

"For value received, I hereby sell, assign and transfer unto Hazel P. Webster, nine hundred and ninety-nine ½ shares (999½) represented by the within certificate and do hereby irrevocably constitute and appoint Hal Webster at-

torney to transfer the said shares on the share register of the within named corporation, with full power of substitution in the premises.

"Dated March 4, 1934.

"SHERMAN APPELL

"In present of

"HAL A. WEBSTER."

The notes signed by the deceased were also admitted in evidence. It was stipulated that said stock was purchased by defendant Hazel P. Webster at the public sale held in April, 1937. Counsel for respondents stated "I would like to ask Mr. Appell with reference to the question about the legality of the sale." Mr. Appell, the plaintiff, replied, "I am not raising that question at all, the sale of the 999½ shares." No other evidence material to this discussion was introduced before plaintiff rested.

Counsel for defendants then moved for a nonsuit "upon the ground that plaintiff has wholly failed to prove a cause of action in this matter, and in that connection may I point out to your Honor, that Plaintiff's Exhibit 2, which is the certificate of stock of the Hal P. Webster Company issued to Sherman Appell, bears on the back thereof the endorsement by Sherman Appell to Hazel P. Webster, and it is admitted here in this testimony that on April 7th, at a sale this stock was sold as a pledge, and I think plaintiff has wholly failed to prove the issues set forth in the complaint". Argument followed in which the court pointed out to plaintiff that an agreement between the deceased and defendant Hal A. Webster, introduced in evidence, did not prohibit the subsequent pledge of the stock and that in any event defendant Hazel P. Webster was not a party to said agreement. The court then stated, "The evidence shows that on its face the certificate of stock was assigned on March 4th, 1934, to the defendant Hazel Webster and I feel there has been a failure of proof of any conversion. The motion for a nonsuit may be granted."

Appellant contends that the trial court erred in granting the motion for nonsuit but we find no merit in this contention. The record contains no evidence whatever showing any wrongful act on the part of either of respondents with respect to said shares of stock. On the contrary, it affirmatively shows that said shares of stock were duly as-

signed by Sherman Appell, now deceased, to respondent Hazel P. Webster on March 4, 1934. Appellant argues that he had made out a *prima facie* case and "the burden of proof was upon respondents to prove their special defense of alleged pledge of the stock". It is a sufficient answer to point out that appellant had wholly failed to make out a *prima facie* case of conversion or any other wrongful act. Appellant further argues that respondents' motion was defective because the grounds thereof were not stated. We are of the opinion, however, that it sufficiently appears from what has been said that the grounds of the motion were adequately stated.

The judgment is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.